UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                             ) | Crim. No. 03-4-P-H |
| ) | |
| FREDERICK WILCOX,                               ) | |
| ) | |
| Supervised Releasee                 ) | |

### ORDER

Pursuant to previous order (Docket No. 37), a release hearing was held this date, in response to the supervised releasee's request, for the purpose of determining whether he is eligible for release pending a revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(6). The standards governing release in these circumstances are those prescribed in 18 U.S.C. § 3143(a). Thus, Wilcox is entitled to be released if he establishes, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or (c).

Wilcox was placed on supervised release on October 8, 2005 following his release from a term of imprisonment imposed in May 2003 upon his conviction in this court for bank fraud. There is probable cause to believe, based on the allegations contained in the revocation petition, that Wilcox has a serious, continuing drug habit. Specifically, in the few weeks since his release from prison he has, on several occasions, either failed altogether to appear as directed for drug testing or has tested positive for marijuana, cocaine, methamphetamine and opiates. He has also failed to attend substance abuse counseling as required. More generally, Wilcox has failed on numerous occasions to report in person to the U.S. Probation Office as directed.

Wilcox seeks to be released to the third-party custody of Heather McGoldrick, his current girlfriend whom he has known for three months. Ms. McGoldrick is 21 years old and is employed full time as a hair stylist. She works Tuesdays, Thursdays and Fridays from noon until 7 p.m., on Wednesdays from 10 a.m. until 5 p.m. and on Saturdays from 9 a.m. until 4 p.m. She resides on Cumberland Avenue in Portland in a two-bedroom apartment she shares with two other people, Adam and Simone, neither of whom she knows very well. On cross-examination she acknowledged that she was unaware that Adam has been arrested twice, once for theft (charged filed) and once for marijuana cultivation (charge dismissed).

Although I do not doubt Ms. McGoldrick's sincerity, I find her an unacceptable third-party custodian, in the circumstances described, for at least three reasons. First, Wilcox has shown himself on several occasions in the brief time he has been on supervised release to be unwilling to comply with supervision instructions given him by his supervising U.S. Probation Officer. There is no reason to believe that, given his serious substance abuse problem, he would yield to the authority of Ms. McGoldrick. Indeed, he has been with Ms. McGoldrick the entire time he has been on supervised release. Second, Ms. McGoldrick is unable, because of her work schedule, to provide the kind of full-time supervision that Wilcox would require in any event. Third, the proposed living arrangements in the small Cumberland Avenue apartment with two other young people, one of whom there is reason to be concerned has engaged in fraud, a crime committed many times by Wilcox to fund his drug habit, and marijuana cultivation, is unacceptable.1

---

1 Although Ms. McGoldrick testified that her father, who is in the drilling and blasting business, would employ Wilcox if released, she has discussed this possibility only with her mother, not her father. No information has been presented regarding proposed work hours or supervision during work hours. Curiously, although Wilcox has been under orders since his release from prison to find and maintain full-time employment, there is no indication he has previously explored working for Ms. McGoldrick's father's company.

The fact that Wilcox has unlawfully continued to possess and use controlled substances since his release from prison means that, at the least, he is helping to maintain a market that fosters continuation of illegal drug supply and use which remain a scourge on the community. On this record, and given the nature of the offending conduct underlying the petition for revocation, I can only conclude that Wilcox has failed to establish by clear and convincing evidence that he is not likely to pose a danger to the safety of the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

The supervised releasee is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The supervised releasee shall be afforded a reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the supervised releasee to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

Dated this 1st day of December, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge